UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG DION GREEN #181030,       )
        Petitioner,              )
                                 )  No. 1:12-cv-944
-v-                             )
                                 )  HONORABLE PAUL L. MALONEY
CARMEN D. PALMER,               )
        Respondent.              )
_____)

**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**

On September 5, 2012, state prisoner Craig Dion Green filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 5) that Mr. Green's petition be denied as barred by the one-year statute of limitations. Before the court today is Mr. Green's timely objection to the Report and Recommendation. (ECF No. 6.)

**STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## DISCUSSION

As the magistrate judge noted, Mr. Green's conviction became final for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA) on March 23, 2009. AEDPA provides a one-year statute of limitations for a section-2254 claim. This period expired for Mr. Green on March 23, 2010, and so his petition here was filed more than two years late. The magistrate judge acknowledged that Mr. Green asked the state courts for relief from judgment in 2011, but found this fact irrelevant. While state collateral review of a conviction can toll the AEDPA statute of limitations, it cannot restart the clock after the one-year period has expired. Thus, the magistrate judge concluded that Mr. Green's petition was time-barred.

Mr. Green objects to this conclusion. He points out that he originally filed a section-2254 petition in the Eastern District of Michigan in February 2010, before the statute of limitations ran. *See Green v. Ludwick*, No. 2:10-cv-10778 (E.D. Mich. Feb. 25, 2010). Mr. Green points out that the court dismissed his original petition without prejudice, and he claims that it did this "so Mr. Green could seek further review in a motion for relief from judgment" in the state courts.

The court does not find these arguments persuasive. First, Mr. Green's original petition was not dismissed so that he could seek review in the state courts. It was instead dismissed because Mr. Green's petition "did not identify . . . the offense(s) for which he is incarcerated, the date upon which he was convicted, or his sentence(s)." *Id.* The Eastern District court never mentioned Mr. Green's ability to seek further relief from the state. Nor did it mention any tolling of the AEDPA statute of limitations. The court simply dismissed his petition because the court "c[ould not] determine the grounds upon which he seeks habeas relief." *Id.*

In any case, Mr. Green waited for almost a whole year before moving for relief in the state

courts. Though his petition was dismissed on April 1, 2010, he did not file his motion for relief in the state courts until March 23, 2011. Even if the AEDPA statute of limitations was tolled while his original petition was pending, the limitations period expired well before he filed his state-court motion. Nothing in the Eastern District's opinion even suggests that the court intended to modify this statutory time period. Nor can Mr. Green argue that he is entitled to equitable tolling, as the nearly-one-year delay in moving for state-court relief would seem to preclude a finding that he has pursued his rights diligently. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010).

     Mr. Green also asks the court to transfer his petition to the Eastern District of Michigan, claiming that he mistakenly filed his current petition in the Western District. It appears that the Eastern District would also have jurisdiction over Mr. Green's petition, as he was originally convicted in that district. (*See* ECF No. 1.) Under 28 U.S.C. § 2241(d), a district court may transfer a habeas petition to another district "in the exercise of its discretion and in furtherance of justice." The court does not see reason to transfer this case, however. While it may be the case that a hearing on Mr. Green's petition would be more easily performed in the Eastern District, the record before the court today provides no evidence or allegations on that point. Indeed, because Mr. Green is currently incarcerated in this district, a hearing in this court would appear to be more convenient. Mr. Green's only argument in support of his transfer request is the fact that the original petition was filed in the Eastern District. But this appears irrelevant. That court did not retain any control over Mr. Green's first petition, and it did not address his petition on the merits. It thus would have no inherent advantage over this court in reviewing Mr. Green's claims. Perhaps if the Eastern District's order dismissing Mr. Green's initial petition suggested any basis to his tolling argument, the court could see reason to transfer this matter. But that court's order is clear, as is the applicable law. Mr.

Green's petition is time-barred, and transferring this case so that the Eastern District can make that determination would in no way further justice. The court therefore declines to transfer Mr. Green's petition.

Mr. Green's objections are therefore OVERRULED.

### CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The court has evaluated whether a certificate of appealability should issue as to Mr. Green's petition. Because reasonable jurists would agree that Mr. Green's petition is time-barred for the reasons stated in the magistrate judge's Report and Recommendation, the court declines to issue a certificate of appealability.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

(1) The report and recommendation (ECF No. 5) is **ADOPTED**, over objections, as the opinion of this court;

(2) Petitioner Craig Dion Green's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED**;

(3) Petitioner's Motion to Transfer Case (ECF No. 4) is **DENIED**; and

(4) A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Date:  October 12, 2012                           /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge